**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| DANIEL B. McDONALD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | FILED: JULY 18, 2008 |
| v. | ) | Civil Action No. 08CV4088 |
| | ) | JUDGE GETTLEMAN |
| STRATA G, LLC and DANIEL H. | ) | MAGISTRATE JUDGE NOLAN |
| HURST, Individually, | ) | RCC |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Defendants, Strata G, LLC ("Strata G") and Daniel H. Hurst ("Hurst") (collectively,

Defendants), by their attorneys, John P. Lynch, Jr., Kimberly A. Ross and CREMER, KOPON,

SHAUGHNESSY & SPINA, LLC, hereby give notice of their removal of the civil action

captioned *Daniel B. McDonald v. Strata G, LLC and Daniel H. Hurst,* Civil Action No. 2008 L

006703 filed in the Circuit Court of Cook County, Illinois to the United States District Court for

the Northern District of Illinois, Eastern Division. This Notice of Removal is filed pursuant to

28 U.S.C. §§ 1441(a) and 1446. As grounds for removal, the Defendants state as follows:

    1.    Plaintiff commenced this action by Verified Complaint filed on June 19, 2008, in

the Circuit Court for Cook County, Illinois. (Pursuant to 28 U.S.C. § 1446(a), copies of all

process, pleadings, and orders served on Defendants Strata G and Hurst are attached hereto as

**Exhibits 1** and **2**, respectively.)

    2.    The Defendants first received a copy of process on or about June 26, 2008. (See

summonses attached as part of **Exhibits 1** and **2**.) Accordingly, this Notice of Removal is timely

under 28 U.S.C. § 1446(b), which provides that the Notice of Removal of a civil action shall be

filed within thirty (30) days after receipt by the Defendants, through service or otherwise, of a copy of the initial pleading. (A copy of the computer docket of the Clerk of the Circuit Court of Cook County confirming the date of service as to both defendants as June 26, 2008 is attached hereto as **Exhibit 3**.)

3.     This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, and which may be removed under 28 U.S.C. § 1441(a), in that the complaint seeks to recover in excess of $648,000, exclusive of interest and costs, which sum exceeds the amount in controversy requirement of that statute.

4.     Plaintiff McDonald resides in Illinois, and according to the verified allegations he makes in his complaint and, upon information and belief, he is also a citizen of that State.  In the complaint, he also verifies that he was domiciled in Illinois when this cause of action arose and, in paragraph 33, he complains of actions taken in June 2008 as giving rise to his alleged cause of action. (See Verified Complaint attached as parts of **Exhibits 1** and **2**.)

5.     Defendant Hurst and all of Defendant Strata G's members are citizens of the State of Tennessee, and Defendant Strata G has Knoxville, Tennessee as its principal place of business, as Plaintiff McDonald also verifies in his complaint. (A copy of the Tennessee Secretary of State Business Information Search report identifying Strata G, LLC as a Tennessee Limited Liability Company is attached hereto as **Exhibit 4**.) Accordingly, there is complete diversity of citizenship between the Plaintiff and the Defendants and the amount in controversy requirement is satisfied.

6.     Defendants reserve the right to amend or supplement this Notice of Removal.

7.     Defendants reserve all defenses, including the defense of personal jurisdiction.

8.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff's counsel and filed with the Clerk of the Court for Cook County, Illinois.

9.      This Notice is signed in compliance with Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendants, STRATA G, LLC and DANIEL H. HURST respectfully request that this civil action be removed from the Circuit Court of Cook County, that this Court accept jurisdiction over this action pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and henceforth, that this action be placed on the docket of this Court for further proceedings, as though this action had originally been instituted in this Court.

Respectfully submitted,

**STRATA G, LLC and DANIEL H. HURST**

By:   /s/ John P. Lynch, Jr.
      John P. Lynch, Jr.
      **CREMER, KOPON, SHAUGHNESSY & SPINA, LLC**
      180 North LaSalle Street, Suite 3300
      Chicago, Illinois 60601
      (312) 980-3018

      /s/ Kimberly A. Ross
      Kimberly A. Ross
      **CREMER, KOPON, SHAUGHNESSY & SPINA, LLC**
      180 North LaSalle Street, Suite 3300
      Chicago, Illinois 60601
      (312) 980-3018

## PROOF OF SERVICE

The undersigned, being first duly sworn on oath, deposes and says that she served the foregoing Notice of Removal and the documents referred to therein by mailing a copy to each person identified below on the _18TH_ day of July, 2008, at Chicago, Illinois.

Karl W. Roth
Michelle L. Martin
**THE ROTH LAW GROUP, LLC**
111 W. Washington St., Suite 1437
Chicago, IL 60602

Subscribed and Sworn to before

me on this _18th_ day of July, 2008.

NOTARY PUBLIC

"OFFICIAL SEAL"
JUDITH ANN NALOMSKI
Notary Public, State of Illinois
My Commission Expires 10/05/2010

4

| 2120 - Served | 2121 - Served | 6/26/08 |
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 ( ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW _____ DIVISION

(Name all parties)

DANIEL B. MCDONALD

v.

No. 08 L

STRATA G, LLC and DANIEL H. HURST, Individually

Please serve:
Strata G, LLC
2027 Castaic Lane
Knoxville, TN  37932

**SUMMONS**

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 801 _____, Chicago, Illinois 60602

☐ **District 2 - Skokie**
5600 Old Orchard Rd.
Skokie, IL  60077

☐ **District 3 - Rolling Meadows**
2121 Euclid
Rolling Meadows, IL  60008

☐ **District 4 - Maywood**
1500 Maybrook Ave.
Maywood, IL  60153

☐ **District 5 - Bridgeview**
10220 S. 76th Ave.
Bridgeview, IL  60455

☐ **District 6 - Markham**
16501 S. Kedzie Pkwy.
Markham, IL  60426

☐ **Child Support**
28 North Clark St., Room 200
Chicago, Illinois  60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 42890

Name: The Roth Law Group LLC

Atty. for: Plaintiff

Address: 111 W. Washington St., Ste. 1437

City/State/Zip: Chicago, IL 60602

Telephone: (312) 419-9599

Service by Facsimile Transmission will be accepted at: _____

WITNESS, JUN 19 2008

DOROTHY BROWN
CLERK OF COURT

Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**EXHIBIT**
1

| | |
|---|---|
| 2120 – Served | 2121 – Served |
| 2220 – Not Served | 2221 – Not Served |
| 2320 – Served By Mail | 2321 – Served By Mail |
| 2420 – Served By Publication | 2421 – Served By Publication |
| **SUMMONS** | **ALIAS – SUMMONS**      CCG N001-10M-1-07-05 (                    ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, <u>LAW</u>                    DIVISION

(Name all parties)

DANIEL B. MCDONALD

v.

STRATA G, LLC and DANIEL H. HURST, Individually

No. <u>08 L</u>

Please serve:
Strata G, LLC
2027 Castaic Lane
Knoxville, TN  37932

### SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑   Richard J. Daley Center, 50 W. Washington, Room <u>801</u>                    , Chicago, Illinois 60602

| | | |
|---|---|---|
| ☐   **District 2 – Skokie**<br>5600 Old Orchard Rd.<br>Skokie, IL  60077 | ☐   **District 3 – Rolling Meadows**<br>2121 Euclid<br>Rolling Meadows, IL  60008 | ☐   **District 4 – Maywood**<br>1500 Maybrook Ave.<br>Maywood, IL  60153 |
| ☐   **District 5 – Bridgeview**<br>10220 S. 76th Ave.<br>Bridgeview, IL  60455 | ☐   **District 6 – Markham**<br>16501 S. Kedzie Pkwy.<br>Markham, IL  60426 | ☐   **Child Support**<br>28 North Clark St., Room 200<br>Chicago, Illinois 60602 |

**You must file within 30 days after service of this Summons, not counting the day of service.**
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

WITNESS,_____,

Atty. No.: <u>42890</u>

Name: <u>The Roth Law Group LLC</u>

Atty. for: <u>Plaintiff</u>

Address: <u>111 W. Washington St., Ste. 1437</u>

City/State/Zip: <u>Chicago, IL 60602</u>

Telephone: <u>(312) 419-9599</u>

Service by Facsimile Transmission will be accepted at: _____

_____ Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant
or other person)

(Area Code)    (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

08720                              MLM                    Firm I.D.  42890

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

DANIEL B. MCDONALD,                    )
                                       )        No.    08 L _____
        Plaintiffs,                    )
                                       )        Amount Claimed:  Approximately
vs.                                    )        $648,000.00 plus interest, punitive damages
                                       )        and costs
STRATA G, LLC, and DANIEL H.           )
HURST, Individually,                   )        JURY DEMANDED
                                       )
        Defendants.                    )

### VERIFIED COMPLAINT

NOW COMES Plaintiff, DANIEL B. MCDONALD, by and through his attorneys, THE

ROTH LAW GROUP, LLC, and for his Verified Complaint against STRATA G, LLC, and

DANIEL H. HURST, Individually, states as follows:

### PARTIES

1.      Defendant STRATA G, LLC ("STRATA G"), is a Tennessee limited liability

company, and its principal office is located at 2027 Castaic Lane, Knoxville, Tennessee 37932.

At all times relevant hereto, Defendant STRATA G rented a post office box with an address of

207 East Ohio Street, Chicago, Illinois 60611.

2.      STRATA G has approximately 90 to 100 employees who are highly technical

people who specialize in being placed with STRATA G's clients such as the Department of

Energy on a short term basis to perform critical operations involving waste management,

logistics, compliance, and nuclear operations.

3.      At all times relevant hereto, Defendant DANIEL H. HURST was President of

STRATA G and resided in Knoxville, Tennessee.

4.     At all times relevant hereto, Plaintiff DANIEL B. MCDONALD ("MCDONALD") was a senior vice president STRATA G and resided at 400 North McClurg Court, Unit 3202, Chicago, Illinois 60601.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over this controversy because it involves the transaction of business within this State, the making and performance of a contract substantially connected to this State, the breach of a fiduciary duty within this State, and Plaintiff was domiciled within this State when the cause of action arose. *See* 735 ILCS § 5/2-209(a)-(b). Moreover, venue is proper in Cook County, Illinois as some or all of the transactions from which this cause of action arose took place in Cook County. *See* 735 ILCS § 5/2-101.

## FACTS

6.     On or about August 22, 2003, HURST offered MCDONALD a management position with STRATA G. *See* Letter dated August 22, 2003, attached hereto and marked as Exhibit "A."

7.     On or about August 26, 2003, MCDONALD accepted STRATA G's offer and STRATA G and MCDONALD executed an Employment Agreement. *See* Employment Agreement, attached hereto and marked as Exhibit "B."

8.     That Employment Agreement stated in relevant part that:

> **Employment Terms and [C]onditions between Dan McDonald (employee) and Strata-G, LLC(company)**
>
> . . .
>
> **Compensation:**
>
> **(a) Salary:** $10,000 per month subject to immediate increase in conjunction with employee billability or sales of projects that would justify and increase in salary.

2

**(b) Profit Sharing:**   20% of profits on all work brought in by the employee, paid at least annually.

**(c) Equity:** 7.5% of Strata-G on a going forward basis, not to include retained earnings of the company or funds in existing capital accounts of the company. . . .

*See* Exhibit "B" (emphasis in original).

9.   In or about October 2003, MCDONALD began working for STRATA G, and MCDONALD primarily served as the project manager on several proposals with potential clients that STRATA G wanted to pursue.

10.   For example, STRATA G submitted a proposal to WM Recycle America, which was a Chicago-based division of Waste Management, Inc. that handles recyclable commodities. MCDONALD spearheaded the successful proposal for STRATA G, which lead to a STRATA G employee being placed at WM Recycle America as project manager from approximately January 2004 until December 2004.

11.   STRATA G received approximately $20,000.00 in fees a month from WM Recycle America.  As a result, HURST asked MCDONALD to rent a Chicago post office box for STRATA G in order to facilitate STRATA G's receipt of invoices related to the contract that STRATA G won with WM Recycle America.

12.   MCDONALD was paid $10,000.00 per month by STRATA G for approximately a year.

13.   MCDONALD has never received 20% of the profits from the work that he brought to STRATA G.

14.   Shortly thereafter, in or about October 2004, MCDONALD began to only work for STRATA G intermittently, and he no longer received a monthly salary from STRATA G.

3

Going forward, MCDONALD continued to advise STRATA G and HURST on an as needed basis and would participate in projects and proposals with STRATA G when requested until approximately February 2007.

15.    On or about May 14, 2008, MCDONALD demanded an accounting of STRATA G in order to potentially liquidate his equity interest in the company. *See* Letter dated May 14, 2008, attached hereto and marked as Exhibit "C."

16.    On or about June 3, 2008, STRATA G responded that MCDONALD never was granted an equity interest in the company and refused to conduct an accounting. *See* Letter dated June 3, 2008, attached hereto and marked as Exhibit "D."

17.    On information and belief, further demands for an accounting would be futile.

18.    On information and belief, STRATA G receives approximately $8,000,000.00 in revenue annually.

## COUNT I
## BREACH OF CONTRACT AGAINST STRATA G

19.    Plaintiff MCDONALD repeats and re-alleges Paragraphs 1 through 18 of his Verified Complaint as though re-alleged herein.

20.    MCDONALD and STRATA G entered into a valid, written contract ("Employment Agreement"). *See* Exhibit "B."

21.    The Employment Agreement imposed an implied obligation of good faith on the Parties in their performance and enforcement.

22.    MCDONALD fully performed his obligations under the Employment Agreement by expanding the capabilities of STRATA G's waste management and professional services practice and by participating in numerous proposals that STRATA G was pursuing.    Thus,

4

MCDONALD fully completed performance of his contractual obligations under the Employment Agreement.

23.     STRATA G materially breached the Employment Agreement by: (a) never delivering to MCDONALD 20% of the profits from the work that he brought to STRATA G; (b) refusing to give MCDONALD an accounting of STRATA G; and (c) denying MCDONALD's 7.5% equity interest in the company.

24.     As a direct and proximate result of STRATA G's material breach of the Employment Agreement, MCDONALD has experienced the following estimated damages: (1) $48,000.00 representing 20% of STRATA G's profits from WM Recycle America; and (2) $600,000.00 representing 7.5% of $8,000,000.00.

25.     Finally, STRATA G's failure to tender payment to MCDONALD constitutes an unreasonable delay of payment as set forth in the Illinois Code of Civil Procedure. 815 ILCS § 205/2. Thus, MCDONALD is entitled to pre-judgment interest at the rate of five percent (5%) per annum on all monies withheld due to an unreasonable delay of payment. 815 ILCS § 205/2.

WHEREFORE, Plaintiff, DANIEL B. MCDONALD, prays for judgment against Defendant, STRATA G, LLC, as follows:

A. Judgment in an amount not less than $648,000.00 plus interest and costs to be determined at trial; and

B. Such other relief as this Court deems just and fair.

## COUNT II
## ACTION FOR ACCOUNTING AGAINST STRATA G

26.     Plaintiff MCDONALD repeats and re-alleges Paragraphs 1 through 25 of his Verified Complaint as though re-alleged herein.

27.    When MCDONALD and STRATA G executed the Employment Agreement, MCDONALD received a 7.5% equity interest in STRATA G. *See* Exhibit "B" at ¶ 3. Thus, MCDONALD became a joint owner of STRATA G.

28.    On or about May 14, 2008, MCDONALD demanded an accounting of STRATA G, and it refused to conduct an accounting. *See* Exhibits "C" and "D." On information and belief, further demands for an accounting would be futile.

29.    As MCDONALD has been denied an accounting, MCDONALD cannot ascertain with certainty the value of his equity interest, thus, cannot potentially liquidate his position in the company or ascertain his damages. Therefore, MCDONALD's request for accounting should be granted in equity because he has no adequate remedy at law for such accounting.

WHEREFORE, Plaintiff, DANIEL B. MCDONALD, respectfully requests that this Honorable Court enter an Order against Defendant, STRATA G, LLC, as follows:

A.    Compelling STRATA G, LLC to account as to all revenues, costs, and profits since August 26, 2003;

B.    Ordering STRATA G, LLC to pay to Plaintiff the sums found due for his 7.5% equity interest on the accounting; and

C.    Such other relief as this Court deems just and fair.

## COUNT III
### BREACH OF FIDUCIARY DUTY AGAINST DANIEL H. HURST

30.    Plaintiff MCDONALD repeats and re-alleges Paragraphs 1 through 29 of his Verified Complaint as though re-alleged herein.

31.    HURST owed MCDONALD a fiduciary duty as they were fellow owners and officers in STRATA G, which was a closely held company.

32.    As such, a fiduciary relationship arose between HURST and MCDONALD as a

matter of law, which included a duty of loyalty.

33.    HURST breached his fiduciary duty to MCDONALD when he willfully:    (1) denied that MCDONALD was granted an equity interest in STRATA G in June 2008;  (2) denied that MCDONALD was ever an employee of STRATA G in June 2008, (3) directed STRATA G not to deliver to MCDONALD 20% of STRATA G's profits from WM Recycle America;  and (4) induced MCDONALD to continue advising HURST regarding STRATA G on an as needed basis and participating in projects and proposals with STRATA G when requested intermittently from approximately October 2004 until February 2007 without receiving a monthly salary from STRATA G or 20% profit sharing by falsely asserting that he recognized that MCDONALD was a 7.5% equity owner of the company.

34.    As a direct and proximate result of HURST's breach of his fiduciary duty, MCDONALD has been deprived of his 7.5% equity interest in STRATA G that MCDONALD estimates is worth approximately $600,000.00 and $48,000.00 representing 20% of STRATA G's profits from WM Recycle America.

WHEREFORE, Plaintiff, DANIEL B. MCDONALD, prays for judgment against Defendant, DANIEL H. HURST, as follows:

A. Judgment in an amount not less than $648,000.00 plus interest and costs to be determined at trial;

B. Punitive damages;  and

C. Such other relief as this Court deems just and fair.

Respectfully submitted,

By: _____
One of Plaintiff's Attorneys

7

Karl W. Roth
Michelle L. Martin
THE ROTH LAW GROUP LLC
Attorneys for Plaintiff
111 W. Washington St., Ste. 1437
Chicago, IL  60602
(312) 419-9599
Firm I.D. 42890

## VERIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of

Civil Procedure, the undersigned, DANIEL B. MCDONALD, certifies that the statements set

forth in the foregoing instrument are true and correct, except as to matters therein stated to be on

information and belief and as to such matters the undersigned certifies as aforesaid that the

undersigned verily believes them to be true.

DANIEL B. MCDONALD

8



110 Perimeter Park, Suite F • Knoxville, TN 37922 • (865)539-2077

www.StrataG.org

August 22, 2003

*TO KARL*
*2 PAGES*
*FROM DAN*

Mr. Dan McDonald
Tellico
Loudon, TN  377xx

Dear Dan,

I am pleased to offer you a position with Strata-G, LLC. The purpose of this letter is to formalize our offer to you to join Strata-G and to set forth our initial expectations regarding your position.

Our expectation is that you will increase the overall value of Strata-G because of your technical and managerial experience as well as your professional credibility and network. Your initial objective will be to assist us with growing our business in general while also assisting with the development of a winning strategy for the Portsmouth, OH ER Project.

The title of your position is flexible and I would like to work with you to identify a title that best describes your capabilities and area of focus.

Your initial compensation will be paid at the rate of $10,000 per month beginning on our about October, 2003.

You will initially report to me as a member of the Strata-G management team.

Details of the offer are contained in the attachment to this letter and form the basis of our offer.

We are very fortunate and very pleased that you are giving serious consideration to joining the Strata-G team Dan.  Thank you for all that you have already done to assist us.

If you have any questions, I can be reached at 865-539-2077.  We hope that we can create a mutually beneficial arrangement to help you decide that Strata-G is the best place for you to continue your successful career.

Sincerely,

Dan Hurst
President
Strata-G, LLC


Attachment

*"Success begins with strategy."*

EXHIBIT
A

**Employment Terms and conditions between Dan McDonald (employee) and Strata-G, LLC(company).**

**1. Purpose of position:** To expand the capabilities of Strata-G's waste management and professional services practice and develop other opportunities to sell core competencies of company, consistent with strategic and tactical plans of the company.

**2. Approach:** Understand company mission, core values, readily available capabilities, and potential capabilities, strategic plans and vision. Develop target list of potential clients. Meet with potential clients to understand their needs and potential opportunities. Develop proposals to satisfy client needs. First 30 days will focus on developing a plan for marketing services and developing a revenue stream for the employee.

**3. Compensation:**

**(a) Salary:** $10,000 per month subject to immediate increase in conjunction with employee billability or sales of projects that would justify an increase in salary.

**(b) Profit Sharing:** 20% of profits on all work brought in by the employee, paid at least annually.

**(c) Equity:** 7.5% of Strata-G on a going forward basis, not to include retained earnings of the company or funds in existing capital accounts of the company.

**4. Benefits:**
**(a) Insurance:.** Employee will have the option to participate in company health, life, and long-term disability insurance program.

**(b) Bonus Program:** Employee is eligible to participate in the Bonus Program.

**5. Performance reviews:** Based on mutually agreed performance measures and goals, at 3mo, 6mo and 12 mo and annually thereafter. Initial performance plan will focus on approach and goals for establishing employee's desired career path.

**6. Resources:** Company will provide appropriate communications and computer equipment to support the employee's position as well as customary office equipment and supplies.

**7. Title:** To be determined upon mutual agreement between employee and company.

**8. Start Date:** On or about October 2003.

**Employer:**

Strata-G
110 Perimeter Park, Suite F
Knoxville, TN  37922

By: _____
        Dan Hurst

**Employee:**

Employee Signature: _____

Date: _____

**Employment Terms and conditions between Dan McDonald (employee) and Strata-G, LLC(company).**

**1. Purpose of position:** To expand the capabilities of Strata-G's waste management and professional services practice and develop other opportunities to sell core competencies of company, consistent with strategic and tactical plans of the company.

**2. Approach:** Understand company mission, core values, readily available capabilities, and potential capabilities, strategic plans and vision. Develop target list of potential clients. Meet with potential clients to understand their needs and potential opportunities. Develop proposals to satisfy client needs. First 30 days will focus on developing a plan for marketing services and developing a revenue stream for the employee.

**3. Compensation:**

**(a) Salary:** $10,000 per month subject to immediate increase in conjunction with employee billability or sales of projects that would justify an increase in salary.

**(b) Profit Sharing:** 20% of profits on all work brought in by the employee, paid at least annually.

**(c) Equity:** 7.5% of Strata-G on a going forward basis, not to include retained earnings of the company or funds in existing capital accounts of the company.

**4. Benefits:**
**(a) Insurance:.** Employee will have the option to participate in company health, life, and long-term disability insurance program.

**(b) Bonus Program:** Employee is eligible to participate in the Bonus Program.

**5. Performance reviews:** Based on mutually agreed performance measures and goals, at 3mo, 6mo and 12 mo and annually thereafter. Initial performance plan will focus on approach and goals for establishing employee's desired career path.

**6. Resources:** Company will provide appropriate communications and computer equipment to support the employee's position as well as customary office equipment and supplies.

**7. Title:** To be determined upon mutual agreement between employee and company.

**8. Start Date:** On or about October 2003.


**Employer:**

Strata-G
110 Perimeter Park, Suite F
Knoxville, TN  37922

By: _____
       Dan Hurst

**Employee:**

Employee Signature: _____

Date: 26 AUG. 2003

EXHIBIT

B

# ROTH LAW GROUP, LLC

May 14, 2008

**_Via Facsimile & Certified Mail_**
(865) 934-3439

Mr. Daniel Hurst
President
Strata-G, LLC
2027 Castaic Lane
Knoxville, TN 37932

        RE:    Dan McDonald - Strata-G, LLC
                    Employment Agreement dated August 22, 2003
                    Our File No.: 08720

Dear Mr. Hurst:

My name is Karl W. Roth and my Law Firm serves as general counsel for Dan McDonald and his various business entities. My Firm is currently in the process of evaluating Mr. McDonald's business interests in an effort to facilitate consolidation, or alternatively liquidation, of his positions in those businesses, thus the reason for my letter.

I am in possession of an Employment Agreement dated August 22, 2003, executed by yourself and Mr. McDonald on or about August 26, 2003. See Employment Agreement, attached hereto as Exhibit "A." In the Agreement, you set forth Mr. McDonald's compensation as part of the Strata-G management team beginning "on or about October 2003." This compensation consists of a monthly salary of $10,000.00 along with a profit sharing plan of "…20% of profits on all work brought in by the employee, paid at least annually." There is also reference to eligibility to participate in a separate "Bonus Program," though its terms are undefined. In addition to this compensation, the Agreement also grants Mr. McDonald a 7.5% equity position in Strata-G.

In our capacity as general counsel, Mr. McDonald has granted us authority to make inquiries on behalf of himself and his various business entities. See Authorization of Dan McDonald, attached hereto as Exhibit "B." Consequently, I ask that you refrain from contacting Mr. McDonald as he has directed us to prepare our evaluation independent of his involvement to ensure transparency and unbiased disclosure. To that end, please allow this letter to serve as our request to Strata-G for documentation evidencing compensation owed Mr. McDonald under the Agreement along with a valuation of his equity position.

I ask that you kindly forward this information to my office by Friday, May 23, 2008 so that we may expedite our evaluation and advise Mr. McDonald accordingly. Please feel free to contact me at 312-419-9599 should you wish to discuss the availability of the requested documentation or if you require further information.

---

111 W. Washington Street, Suite 1437 • Chicago, Illinois 60602 • Tel: 312.419.9599 • Fax: 312.419.9559 • T
rothlawgroup.com • Admitted in: Illinois, North Carolina & Washington D.C.



EXHIBIT

C

Mr. Daniel Hurst
May 14, 2008
Page 2 of 2

Very truly yours,

THE ROTH LAW GROUP LLC

Karl W. Roth

KWR/ns

Enclosures

**WAGNER, MYERS & SANGER**
(A PROFESSIONAL CORPORATION)
ATTORNEYS AT LAW
1801 FIRST TENNESSEE PLAZA
KNOXVILLE, TENNESSEE 37929

HERBERT S. SANGER, JR.*
CHARLES W. VAN BEKE
WILLIAM C. MYERS, JR.
M. DOUGLAS CAMPBELL, JR.
ROBERT E. HYDE
MARTIN B. BAILEY
KATHLEEN FLYNN ZITZMAN**
NICHOLAS A. DELLA VOLPE
BARBARA D. BOULTON
RONALD D. GARLAND
JOHN L. MILLER
DAVID P. WRIGHT
MARK N. FOSTER
DEBORAH L. BUCHHOLZ
STEPHEN T. MEALOR***
JOHNATHAN K. BORSODI

P.O. BOX 1308
KNOXVILLE, TENNESSEE 37901-1308

TELEPHONE
(865) 525-4600

FACSIMILE
(865) 524-5731
(865) 291-0419

DIRECT FAX:
(865) 291-0419

E-mail address
dcampbell@wmspc.com

OF COUNSEL
CHARLES A. WAGNER III

*ALSO ADMITTED IN W. VA.
**ALSO ADMITTED IN TX.
***ALSO ADMITTED IN VA.

June 3, 2008

Karl W. Roth, Esq.
Roth Law Group, LLC
111 West Washington Street
Suite 1437
Chicago, IL 60602

> **Re:   Dan McDonald – Strata-G, LLC**

Dear Mr. Roth:

We represent Strata-G, LLC and are in receipt of your letter dated May 14, 2008 addressed to Mr. Daniel Hurst, President of Strata-G.

In response to your letter, please be advised that all amounts due Mr. McDonald from Strata-G have been paid in full. Mr. McDonald was never granted any equity position or interest in Strata-G, nor is he entitled to any such interest. The employment agreement that you reference in your May 14 correspondence was superseded prior to its inception by a consulting arrangement, all with Mr. McDonald's full knowledge and consent. Pursuant to the consulting arrangement, Mr. McDonald became an independent contractor of Strata-G and was compensated as such (e.g., without deduction or withholding for federal or state employment or other taxes). Further, Mr. McDonald held himself out to the State of Tennessee (for worker's compensation insurance purposes) and third parties as an independent contractor and not as an employee of Strata-G.

We hope that the information contained in this correspondence addresses your questions, but if you require further information please do not hesitate to contact us.

Sincerely,

M. Douglas Campbell, Jr.
For the Firm

MDCJr/jg

Cc:   Daniel H. Hurst, President
      Strata-G, LLC

S:\WPFILES\2746\Roth.ltr (5-27-08).doc



EXHIBIT
D

2120 - Served  2121 - Served  6/26/08
2220 - Not Served  2221 - Not Served
2320 - Served By Mail  2321 - Served By Mail
2420 - Served By Publication  2421 - Served By Publication
SUMMONS  ALIAS - SUMMONS  CCG N001-10M-1-07-05 (          )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW _____ DIVISION

(Name all parties)

DANIEL B. MCDONALD
_____

v.                                         No. 08-L-_____
                                           2008L006703
                                           CALENDAR/ROOM R
STRATA G, LLC and DANIEL H. HURST, Individually   TIME 00:00
_____   Breach of Contract
                                           Please serve:
                                           Daniel H. Hurst
                                           2027 Castaic Lane
                                           Knoxville, TN  37932

### SUMMONS

**To each Defendant:**

        YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑  **Richard J. Daley Center, 50 W. Washington, Room** 801 _____, **Chicago, Illinois 60602**

☐  **District 2 - Skokie**          ☐  **District 3 - Rolling Meadows**   ☐  **District 4 - Maywood**
    5600 Old Orchard Rd.                2121 Euclid                           1500 Maybrook Ave.
    Skokie, IL  60077                   Rolling Meadows, IL  60008            Maywood, IL  60153

☐  **District 5 - Bridgeview**      ☐  **District 6 - Markham**           ☐  **Child Support**
    10220 S. 76th Ave.                  16501 S. Kedzie Pkwy.                 28 North Clark St., Room 200
    Bridgeview, IL  60455              Markham, IL  60426                    Chicago, Illinois  60602

**You must file within 30 days after service of this Summons, not counting the day of service.**
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

        This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service.  If service cannot be made, this Summons shall be returned so endorsed.  This Summons may not be served later than 30 days after its date.

Atty. No.: 42890 _____        WITNESS, _____, _____
Name: The Roth Law Group LLC
Atty. for: Plaintiff
Address: 111 W. Washington St., Ste. 1437          Clerk of Court
City/State/Zip: Chicago, IL 60602          Date of service: _____, _____
Telephone: (312) 419-9599                  (To be inserted by officer on copy left with defendant
                                            or other person)
Service by Facsimile Transmission will be accepted at: _____
                                           (Area Code)   (Facsimile Telephone Number)

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

**EXHIBIT**
2

| 2120 - Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| **SUMMONS** | **ALIAS - SUMMONS** | CCG N001-10M-1-07-05 (          ) |

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW _____ DIVISION

(Name all parties)

DANIEL B. MCDONALD

v.

STRATA G, LLC and DANIEL H. HURST, Individually

}

No. 08 L _____

Please serve:
Daniel H. Hurst
2027 Castaic Lane
Knoxville, TN  37932

### SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ **Richard J. Daley Center, 50 W. Washington, Room 801** _____, **Chicago, Illinois 60602**

❑ **District 2 - Skokie**
5600 Old Orchard Rd.
Skokie, IL  60077

❑ **District 3 - Rolling Meadows**
2121 Euclid
Rolling Meadows, IL  60008

❑ **District 4 - Maywood**
1500 Maybrook Ave.
Maywood, IL  60153

❑ **District 5 - Bridgeview**
10220 S. 76th Ave.
Bridgeview, IL  60455

❑ **District 6 - Markham**
16501 S. Kedzie Pkwy.
Markham, IL  60426

❑ **Child Support**
28 North Clark St., Room 200
Chicago, Illinois  60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

WITNESS, _____

Atty. No.: 42890
Name: The Roth Law Group LLC
Atty. for: Plaintiff
Address: 111 W. Washington St., Ste. 1437
City/State/Zip: Chicago, IL 60602
Telephone: (312) 419-9599

DOROTHY BROWN
Clerk of Circuit Court
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code)    (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

08720                        MLM                        Firm I.D.  42890

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| DANIEL B. MCDONALD, | ) | |
| | ) | No.    08 L_____ |
| Plaintiffs, | ) | |
| | ) | Amount Claimed:  Approximately |
| vs. | ) | $648,000.00 plus interest, punitive damages |
| | ) | and costs |
| STRATA G, LLC, and DANIEL H. | ) | |
| HURST, Individually, | ) | JURY DEMANDED |
| | ) | |
| Defendants. | ) | |

### VERIFIED COMPLAINT

NOW COMES Plaintiff, DANIEL B. MCDONALD, by and through his attorneys, THE

ROTH LAW GROUP, LLC, and for his Verified Complaint against STRATA G, LLC, and

DANIEL H. HURST, Individually, states as follows:

### PARTIES

1.      Defendant STRATA G, LLC ("STRATA G"), is a Tennessee limited liability

company, and its principal office is located at 2027 Castaic Lane, Knoxville, Tennessee 37932.

At all times relevant hereto, Defendant STRATA G rented a post office box with an address of

207 East Ohio Street, Chicago, Illinois 60611.

2.      STRATA G has approximately 90 to 100 employees who are highly technical

people who specialize in being placed with STRATA G's clients such as the Department of

Energy on a short term basis to perform critical operations involving waste management,

logistics, compliance, and nuclear operations.

3.      At all times relevant hereto, Defendant DANIEL H. HURST was President of

STRATA G and resided in Knoxville, Tennessee.

4.     At all times relevant hereto, Plaintiff DANIEL B. MCDONALD ("MCDONALD") was a senior vice president STRATA G and resided at 400 North McClurg Court, Unit 3202, Chicago, Illinois 60601.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over this controversy because it involves the transaction of business within this State, the making and performance of a contract substantially connected to this State, the breach of a fiduciary duty within this State, and Plaintiff was domiciled within this State when the cause of action arose. *See* 735 ILCS § 5/2-209(a)-(b). Moreover, venue is proper in Cook County, Illinois as some or all of the transactions from which this cause of action arose took place in Cook County. *See* 735 ILCS § 5/2-101.

## FACTS

6.     On or about August 22, 2003, HURST offered MCDONALD a management position with STRATA G. *See* Letter dated August 22, 2003, attached hereto and marked as Exhibit "A."

7.     On or about August 26, 2003, MCDONALD accepted STRATA G's offer and STRATA G and MCDONALD executed an Employment Agreement. *See* Employment Agreement, attached hereto and marked as Exhibit "B."

8.     That Employment Agreement stated in relevant part that:

**Employment Terms and [C]onditions between Dan McDonald (employee) and Strata-G, LLC(company)**

. . .

**Compensation:**

**(a) Salary:**   $10,000 per month subject to immediate increase in conjunction with employee billability or sales of projects that would justify and increase in salary.

2

**(b) Profit Sharing:**   20% of profits on all work brought in by the employee, paid at least annually.

**(c) Equity:** 7.5% of Strata-G on a going forward basis, not to include retained earnings of the company or funds in existing capital accounts of the company. . . .

*See* Exhibit "B" (emphasis in original).

9.      In or about October 2003, MCDONALD began working for STRATA G, and

MCDONALD primarily served as the project manager on several proposals with potential clients

that STRATA G wanted to pursue.

10.      For example, STRATA G submitted a proposal to WM Recycle America, which

was a Chicago-based division of Waste Management, Inc. that handles recyclable commodities.

MCDONALD spearheaded the successful proposal for STRATA G, which lead to a STRATA G

employee being placed at WM Recycle America as project manager from approximately January

2004 until December 2004.

11.      STRATA G received approximately $20,000.00 in fees a month from WM

Recycle America.  As a result, HURST asked MCDONALD to rent a Chicago post office box

for STRATA G in order to facilitate STRATA G's receipt of invoices related to the contract that

STRATA G won with WM Recycle America.

12.      MCDONALD was paid $10,000.00 per month by STRATA G for approximately

a year.

13.      MCDONALD has never received 20% of the profits from the work that he

brought to STRATA G.

14.      Shortly thereafter, in or about October 2004, MCDONALD began to only work

for STRATA G intermittently, and he no longer received a monthly salary from STRATA G.

3

Going forward, MCDONALD continued to advise STRATA G and HURST on an as needed basis and would participate in projects and proposals with STRATA G when requested until approximately February 2007.

15.    On or about May 14, 2008, MCDONALD demanded an accounting of STRATA G in order to potentially liquidate his equity interest in the company. *See* Letter dated May 14, 2008, attached hereto and marked as Exhibit "C."

16.    On or about June 3, 2008, STRATA G responded that MCDONALD never was granted an equity interest in the company and refused to conduct an accounting. *See* Letter dated June 3, 2008, attached hereto and marked as Exhibit "D."

17.    On information and belief, further demands for an accounting would be futile.

18.    On information and belief, STRATA G receives approximately $8,000,000.00 in revenue annually.

## COUNT I
## BREACH OF CONTRACT AGAINST STRATA G

19.    Plaintiff MCDONALD repeats and re-alleges Paragraphs 1 through 18 of his Verified Complaint as though re-alleged herein.

20.    MCDONALD and STRATA G entered into a valid, written contract ("Employment Agreement"). *See* Exhibit "B."

21.    The Employment Agreement imposed an implied obligation of good faith on the Parties in their performance and enforcement.

22.    MCDONALD fully performed his obligations under the Employment Agreement by expanding the capabilities of STRATA G's waste management and professional services practice and by participating in numerous proposals that STRATA G was pursuing.  Thus,

4

MCDONALD fully completed performance of his contractual obligations under the Employment Agreement.

23.    STRATA G materially breached the Employment Agreement by: (a) never delivering to MCDONALD 20% of the profits from the work that he brought to STRATA G; (b) refusing to give MCDONALD an accounting of STRATA G; and (c) denying MCDONALD's 7.5% equity interest in the company.

24.    As a direct and proximate result of STRATA G's material breach of the Employment Agreement, MCDONALD has experienced the following estimated damages: (1) $48,000.00 representing 20% of STRATA G's profits from WM Recycle America; and (2) $600,000.00 representing 7.5% of $8,000,000.00.

25.    Finally, STRATA G's failure to tender payment to MCDONALD constitutes an unreasonable delay of payment as set forth in the Illinois Code of Civil Procedure. 815 ILCS § 205/2. Thus, MCDONALD is entitled to pre-judgment interest at the rate of five percent (5%) per annum on all monies withheld due to an unreasonable delay of payment. 815 ILCS § 205/2.

WHEREFORE, Plaintiff, DANIEL B. MCDONALD, prays for judgment against Defendant, STRATA G, LLC, as follows:

A.    Judgment in an amount not less than $648,000.00 plus interest and costs to be determined at trial; and

B.    Such other relief as this Court deems just and fair.

## COUNT II
## ACTION FOR ACCOUNTING AGAINST STRATA G

26.    Plaintiff MCDONALD repeats and re-alleges Paragraphs 1 through 25 of his Verified Complaint as though re-alleged herein.

5

27.    When MCDONALD and STRATA G executed the Employment Agreement, MCDONALD received a 7.5% equity interest in STRATA G. *See* Exhibit "B" at ¶ 3. Thus, MCDONALD became a joint owner of STRATA G.

28.    On or about May 14, 2008, MCDONALD demanded an accounting of STRATA G, and it refused to conduct an accounting. *See* Exhibits "C" and "D." On information and belief, further demands for an accounting would be futile.

29.    As MCDONALD has been denied an accounting, MCDONALD cannot ascertain with certainty the value of his equity interest, thus, cannot potentially liquidate his position in the company or ascertain his damages. Therefore, MCDONALD's request for accounting should be granted in equity because he has no adequate remedy at law for such accounting.

WHEREFORE, Plaintiff, DANIEL B. MCDONALD, respectfully requests that this Honorable Court enter an Order against Defendant, STRATA G, LLC, as follows:

A.    Compelling STRATA G, LLC to account as to all revenues, costs, and profits since August 26, 2003;

B.    Ordering STRATA G, LLC to pay to Plaintiff the sums found due for his 7.5% equity interest on the accounting;  and

C.    Such other relief as this Court deems just and fair.

## COUNT III
## BREACH OF FIDUCIARY DUTY AGAINST DANIEL H. HURST

30.    Plaintiff MCDONALD repeats and re-alleges Paragraphs 1 through 29 of his Verified Complaint as though re-alleged herein.

31.    HURST owed MCDONALD a fiduciary duty as they were fellow owners and officers in STRATA G, which was a closely held company.

32.    As such, a fiduciary relationship arose between HURST and MCDONALD as a

6

matter of law, which included a duty of loyalty.

33.    HURST breached his fiduciary duty to MCDONALD when he willfully:  (1) denied that MCDONALD was granted an equity interest in STRATA G in June 2008;  (2) denied that MCDONALD was ever an employee of STRATA G in June 2008, (3) directed STRATA G not to deliver to MCDONALD 20% of STRATA G's profits from WM Recycle America;  and (4) induced MCDONALD to continue advising HURST regarding STRATA G on an as needed basis and participating in projects and proposals with STRATA G when requested intermittently from approximately October 2004 until February 2007 without receiving a monthly salary from STRATA G or 20% profit sharing by falsely asserting that he recognized that MCDONALD was a 7.5% equity owner of the company.

34.    As a direct and proximate result of HURST's breach of his fiduciary duty, MCDONALD has been deprived of his 7.5% equity interest in STRATA G that MCDONALD estimates is worth approximately $600,000.00 and $48,000.00 representing 20% of STRATA G's profits from WM Recycle America.

WHEREFORE, Plaintiff, DANIEL B. MCDONALD, prays for judgment against Defendant, DANIEL H. HURST, as follows:

A. Judgment in an amount not less than $648,000.00 plus interest and costs to be determined at trial;

B. Punitive damages;  and

C. Such other relief as this Court deems just and fair.

Respectfully submitted,

By: _____
    One of Plaintiff's Attorneys

7

Karl W. Roth
Michelle L. Martin
THE ROTH LAW GROUP LLC
Attorneys for Plaintiff
111 W. Washington St., Ste. 1437
Chicago, IL 60602
(312) 419-9599
Firm I.D. 42890

## VERIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of

Civil Procedure, the undersigned, DANIEL B. MCDONALD, certifies that the statements set

forth in the foregoing instrument are true and correct, except as to matters therein stated to be on

information and belief and as to such matters the undersigned certifies as aforesaid that the

undersigned verily believes them to be true.

DANIEL B. MCDONALD



110 Perimeter Park, Suite F • Knoxville, TN 37922 • (865)539-2077
www.StrataG.org

August 22, 2003

*TO KARN*
*2 PAGES*
*FROM DAN*

Mr. Dan McDonald
Tellico
Loudon, TN  377xx

Dear Dan,

I am pleased to offer you a position with Strata-G, LLC. The purpose of this letter is to formalize our offer to you to join Strata-G and to set forth our initial expectations regarding your position.

Our expectation is that you will increase the overall value of Strata-G because of your technical and managerial experience as well as your professional credibility and network. Your initial objective will be to assist us with growing our business in general while also assisting with the development of a winning strategy for the Portsmouth, OH ER Project.

The title of your position is flexible and I would like to work with you to identify a title that best describes your capabilities and area of focus.

Your initial compensation will be paid at the rate of $10,000 per month beginning on our about October, 2003.

You will initially report to me as a member of the Strata-G management team.

Details of the offer are contained in the attachment to this letter and form the basis of our offer.

We are very fortunate and very pleased that you are giving serious consideration to joining the Strata-G team Dan.  Thank you for all that you have already done to assist us.

If you have any questions, I can be reached at 865-539-2077.  We hope that we can create a mutually beneficial arrangement to help you decide that Strata-G is the best place for you to continue your successful career.

Sincerely,

Dan Hurst
President
Strata-G, LLC


Attachment

*"Success begins with strategy."*

EXHIBIT
A

**Employment Terms and conditions between Dan McDonald (employee) and Strata-G, LLC(company).**

**1. Purpose of position:** To expand the capabilities of Strata-G's waste management and professional services practice and develop other opportunities to sell core competencies of company, consistent with strategic and tactical plans of the company.

**2. Approach:** Understand company mission, core values, readily available capabilities, and potential capabilities, strategic plans and vision. Develop target list of potential clients. Meet with potential clients to understand their needs and potential opportunities. Develop proposals to satisfy client needs. First 30 days will focus on developing a plan for marketing services and developing a revenue stream for the employee.

**3. Compensation:**

**(a) Salary:** $10,000 per month subject to immediate increase in conjunction with employee billability or sales of projects that would justify an increase in salary.

**(b) Profit Sharing:** 20% of profits on all work brought in by the employee, paid at least annually.

**(c) Equity:** 7.5% of Strata-G on a going forward basis, not to include retained earnings of the company or funds in existing capital accounts of the company.

**4. Benefits:**
**(a) Insurance:.** Employee will have the option to participate in company health, life, and long-term disability insurance program.

**(b) Bonus Program:** Employee is eligible to participate in the Bonus Program.

**5. Performance reviews:** Based on mutually agreed performance measures and goals, at 3mo, 6mo and 12 mo and annually thereafter. Initial performance plan will focus on approach and goals for establishing employee's desired career path.

**6. Resources:** Company will provide appropriate communications and computer equipment to support the employee's position as well as customary office equipment and supplies.

**7. Title:** To be determined upon mutual agreement between employee and company.

**8. Start Date:** On or about October 2003.


**Employer:**

Strata-G
110 Perimeter Park, Suite F
Knoxville, TN  37922

By: _____
         Dan Hurst

**Employee:**

Employee Signature: _____

Date: _____

**Employment Terms and conditions between Dan McDonald (employee) and Strata-G, LLC(company).**

**1. Purpose of position:** To expand the capabilities of Strata-G's waste management and professional services practice and develop other opportunities to sell core competencies of company, consistent with strategic and tactical plans of the company.

**2. Approach:** Understand company mission, core values, readily available capabilities, and potential capabilities, strategic plans and vision. Develop target list of potential clients. Meet with potential clients to understand their needs and potential opportunities. Develop proposals to satisfy client needs. First 30 days will focus on developing a plan for marketing services and developing a revenue stream for the employee.

**3. Compensation:**

**(a) Salary:** $10,000 per month subject to immediate increase in conjunction with employee billability or sales of projects that would justify an increase in salary.

**(b) Profit Sharing:** 20% of profits on all work brought in by the employee, paid at least annually.

**(c) Equity:** 7.5% of Strata-G on a going forward basis, not to include retained earnings of the company or funds in existing capital accounts of the company.

**4. Benefits:**
**(a) Insurance:.** Employee will have the option to participate in company health, life, and long-term disability insurance program.

**(b) Bonus Program:** Employee is eligible to participate in the Bonus Program.

**5. Performance reviews:** Based on mutually agreed performance measures and goals, at 3mo, 6mo and 12 mo and annually thereafter. Initial performance plan will focus on approach and goals for establishing employee's desired career path.

**6. Resources:** Company will provide appropriate communications and computer equipment to support the employee's position as well as customary office equipment and supplies.

**7. Title:** To be determined upon mutual agreement between employee and company.

**8. Start Date:** On or about October 2003.


**Employer:**

Strata-G
110 Perimeter Park, Suite F
Knoxville, TN   37922

By: _____
         Dan Hurst

**Employee:**

Employee Signature: _____

Date: _____

EXHIBIT
B

May 14, 2008

*Via Facsimile & Certified Mail*
(865) 934-3439

Mr. Daniel Hurst
President
Strata-G, LLC
2027 Castaic Lane
Knoxville, TN 37932

> RE:    Dan McDonald - Strata-G, LLC
>        Employment Agreement dated August 22, 2003
>        Our File No.: 08720

Dear Mr. Hurst:

My name is Karl W. Roth and my Law Firm serves as general counsel for Dan McDonald and his various business entities. My Firm is currently in the process of evaluating Mr. McDonald's business interests in an effort to facilitate consolidation, or alternatively liquidation, of his positions in those businesses, thus the reason for my letter.

I am in possession of an Employment Agreement dated August 22, 2003, executed by yourself and Mr. McDonald on or about August 26, 2003. See Employment Agreement, attached hereto as Exhibit "A." In the Agreement, you set forth Mr. McDonald's compensation as part of the Strata-G management team beginning "on or about October 2003." This compensation consists of a monthly salary of $10,000.00 along with a profit sharing plan of "...20% of profits on all work brought in by the employee, paid at least annually." There is also reference to eligibility to participate in a separate "Bonus Program," though its terms are undefined. In addition to this compensation, the Agreement also grants Mr. McDonald a 7.5% equity position in Strata-G.

In our capacity as general counsel, Mr. McDonald has granted us authority to make inquiries on behalf of himself and his various business entities. See Authorization of Dan McDonald, attached hereto as Exhibit "B." Consequently, I ask that you refrain from contacting Mr. McDonald as he has directed us to prepare our evaluation independent of his involvement to ensure transparency and unbiased disclosure. To that end, please allow this letter to serve as our request to Strata-G for documentation evidencing compensation owed Mr. McDonald under the Agreement along with a valuation of his equity position.

I ask that you kindly forward this information to my office by Friday, May 23, 2008 so that we may expedite our evaluation and advise Mr. McDonald accordingly. Please feel free to contact me at 312-419-9599 should you wish to discuss the availability of the requested documentation or if you require further information.

---



EXHIBIT
C

Mr. Daniel Hurst
May 14, 2008
Page 2 of 2

Very truly yours,

THE ROTH LAW GROUP LLC

Karl W. Roth

KWR/ns

Enclosures

WAGNER, MYERS & SANGER
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
1801 FIRST TENNESSEE PLAZA
KNOXVILLE, TENNESSEE 37929

HERBERT S. SANGER, JR.*
CHARLES W. VAN BEKE
WILLIAM C. MYERS, JR.
M. DOUGLAS CAMPBELL, JR.
ROBERT E. HYDE
MARTIN B. BAILEY
KATHLEEN FLYNN ZITZMAN**
NICHOLAS A. DELLA VOLPE
BARBARA D. BOULTON
RONALD D. GARLAND
JOHN L. MILLER
DAVID P. WRIGHT
MARK N. FOSTER
DEBORAH L. BUCHHOLZ
STEPHEN T. MEALOR***
JOHNATHAN K. BORSODI

DIRECT FAX:
(865) 291-0419

E-mail address
dcampbell@wmspc.com

P.O. BOX 1308
KNOXVILLE, TENNESSEE 37901-1308

TELEPHONE
(865) 525-4600

FACSIMILE
(865) 524-5731
(865) 291-0419

OF COUNSEL
CHARLES A. WAGNER III

*ALSO ADMITTED IN W. VA.
**ALSO ADMITTED IN TX.
***ALSO ADMITTED IN VA.

June 3, 2008

Karl W. Roth, Esq.
Roth Law Group, LLC
111 West Washington Street
Suite 1437
Chicago, IL 60602

**Re: Dan McDonald – Strata-G, LLC**

Dear Mr. Roth:

We represent Strata-G, LLC and are in receipt of your letter dated May 14, 2008 addressed to Mr. Daniel Hurst, President of Strata-G.

In response to your letter, please be advised that all amounts due Mr. McDonald from Strata-G have been paid in full. Mr. McDonald was never granted any equity position or interest in Strata-G, nor is he entitled to any such interest. The employment agreement that you reference in your May 14 correspondence was superseded prior to its inception by a consulting arrangement, all with Mr. McDonald's full knowledge and consent. Pursuant to the consulting arrangement, Mr. McDonald became an independent contractor of Strata-G and was compensated as such (e.g., without deduction or withholding for federal or state employment or other taxes). Further, Mr. McDonald held himself out to the State of Tennessee (for worker's compensation insurance purposes) and third parties as an independent contractor and not as an employee of Strata-G.

We hope that the information contained in this correspondence addresses your questions, but if you require further information please do not hesitate to contact us.

Sincerely,

M. Douglas Campbell, Jr.
For the Firm

MDCJr/jg

Cc: Daniel H. Hurst, President
Strata-G, LLC

S:\WPFILES\2746\Roth.ltr (5-27-08).doc



EXHIBIT
D



*Dorothy Brown*

# Clerk *of the*
# Circuit Court
## *Cook County*

Case Information Summary for Case Number
2008-L-006703

Filing Date: 6/19/2008
Division: Law Division
Ad Damnum: $648000.00

Case Type: CONTRACT
District: First Municipal
Calendar: S

### Party Information

**Plaintiff(s)**
MCDONALD DANIEL B

**Attorney(s)**
THE ROTH LAW GROUP LLC
111 W WASHINGTON SUI
CHICAGO IL, 60602
(312) 419-9599

| **Date of Service** | **Defendant(s)** | **Attorney(s)** |
|---|---|---|
| 6/26/2008 | HURST DANIEL H | |
| 6/26/2008 | STRATA G LLC | |

### Case Activity

Activity Date: 6/19/2008    Participant: MCDONALD DANIEL B

CONTRACT COMPLAINT FILED (JURY DEMAND)

Court Fee: 549.00    Attorney: THE ROTH LAW GROUP LLC
Judgment Amount: 648000.00

Activity Date: 6/19/2008    Participant: MCDONALD DANIEL B

CASE SET ON STATUS CALL

Date: 10/16/2008    Judge: PRESTON, LEE
Court Time: 0930

**EXHIBIT**
3

Activity Date: 6/19/2008                          Participant: MCDONALD DANIEL B

CASE SET ON INDIVIDUAL CALENDAR


Activity Date: 7/8/2008                          Participant: STRATA G LLC

SUMMONS - RETD P.S.

Date: 6/26/2008


Activity Date: 7/8/2008                          Participant: HURST DANIEL H

SUMMONS - RETD P.S.

Date: 6/26/2008


Activity Date: 7/14/2008                          Participant: MCDONALD DANIEL B

NOTICE OF MOTION FILED

Date: 8/5/2008                    Attorney: THE ROTH LAW GROUP LLC
Court Time: 0930


Activity Date: 7/14/2008                          Participant: MCDONALD DANIEL B

PROOF OF SERVICE FILED

Attorney: THE ROTH LAW GROUP LLC


Activity Date: 7/14/2008                          Participant: MCDONALD DANIEL B

MOTION FILED

Attorney: THE ROTH LAW GROUP LLC


Activity Date: 7/14/2008                          Participant: MCDONALD DANIEL B

MOTION SPINDLED

Date: 8/5/2008                    Attorney: THE ROTH LAW GROUP LLC
Court Time: 0930

---

Please note: Neither the Circuit Court of Cook County nor the Clerk of the
Circuit Court of Cook County warrants the accuracy, completeness, or the currency
of this data. This data is not an official record of the Court or the Clerk and may
not be represented as an official court record.

If data does not appear in a specific field, we likely do not have the responsive data

in our master database.

Return to Search Page



## Secretary of State
## Business Information Search

| Secretary of State Web Site | Instructions |

**Name**                                                    **I.D. Number**

STRATA G, LLC                                               0428508

| | |
|---|---|
| **Business Type\*:** | LIMITED LIABILITY COMPANY |
| **Profit/Nonprofit:** | FOR PROFIT |
| **Status\*:** | ACTIVE |
| **Date of Formation/Qualification:** | 06/13/2002 |
| **Domestic/Foreign:** | DOMESTIC |
| **Place of Incorporation/Organization:** | KNOX |
| **Duration:** | PERPETUAL |
| **FYC(Fiscal Year Closing) Month:** | DECEMBER |

**Principal Office:**

| | |
|---|---|
| **Address Line 1:** | 2027 CASTAIC LANE |
| **Address Line 2:** | |
| **City:** | KNOXVILLE |
| **State:** | TN |
| **Zip:** | 37932 |
| **Other than USA:** | |

**Registered Agent:**

| | |
|---|---|
| **Name:** | DANIEL H. HURST |
| **Address Line 1:** | 2027 CASTAIC LANE |
| **Address Line 2:** | |
| **City:** | KNOXVILLE |
| **State:** | TN |
| **Zip:** | 37932 |

**Business Filing History**

\* Important Note: Business filing History includes information about (1) the basis for an inactive status and (2) the current true name and filing status of a business with an assumed name or a changed status.

Note: This information is current as of three working days prior to today's date.

[ Search Again ]

Report a Technical Issue



EXHIBIT
4