IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL B. MCDONALD, | ) | |
| | ) | Case No.: 08-cv-4088 |
| Plaintiffs, | ) | |
| | ) | Judge Gettleman |
| vs. | ) | Magistrate Judge Nolan |
| | ) | |
| STRATA G, LLC, and DANIEL H. HURST, Individually, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

### MOTION TO REMAND

NOW COMES Plaintiff, Daniel B. McDonald, ("McDonald"), by and through his attorneys, The Roth Law Group, LLC, and pursuant to 28 U.S.C. § 1447(c), moves this Court to remand this lawsuit back to the Circuit Court of Cook County, Illinois. In support thereof, Movant states as follows:

### FACTS

1.   On June 19, 2008, McDonald filed a Verified Complaint against Defendants StrataG, LLC ("StrataG") and Daniel H. Hurst ("Hurst").

2.   In paragraph five of that Complaint, McDonald alleged that:

This Court has jurisdiction over this controversy because it involves the transaction of business within this State, the making and performance of a contract substantially connected to this State, the breach of a fiduciary duty within this State, and Plaintiff was domiciled within this State when the cause of action arose. *See* 735 ILCS § 5/2-209(a)-(b). Moreover, venue is proper in Cook County, Illinois as some or all of the transactions from which this cause of action arose took place in Cook County. *See* 735 ILCS § 5/2-101.

*See* Docket Entry 1 at Page 24.

3.   On June 26, 2008, StrataG and Hurst were served with McDonald's Verified Complaint. *See* Docket Entry 1 at Exhibit 2.

4. On July 18, 2008, StrataG and Hurst filed a Notice of Removal in this Court. *See* Docket Entry 1.

5. In their Notice of Removal StrataG and Hurst argue that this Court has diversity jurisdiction because Defendants both are domiciled in Tennessee and McDonald is domiciled in Illinois. *See* Docket Entry 1 at ¶¶ 4-5.

6. However, although McDonald was domiciled in Illinois when the cause of action arose until approximately until August 2006, McDonald was domiciled in Tennessee at that time that the Complaint was filed. *See* Affidavit of Daniel B. McDonald, attached hereto and marked as Exhibit A at ¶¶ 8-11.

## LAW AND ARGUMENT

7. Removal jurisdiction is strictly construed, and all doubts are resolved in favor of remand. *See Doe v. Allied-Signal, Inc.*, 985 F2d 908, 911 (7th Cir. 1993); *Phillips v. Intercantieri, S.p.A.*, 672 F. Supp. 1109, 1110 (ND Ill 1987).

8. It is true that diversity jurisdiction lies where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the matter is between citizens of different States. *See* 28 U.S.C. § 1332(a) (1).

9. In analyzing whether this lawsuit is between citizens of different States, however, the Supreme Court has explained that "diversity jurisdiction is to be assessed at the time the lawsuit is commenced." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 429 (1991).

10. Accordingly, the key date here is when the Complaint was filed—June 19, 2008.

11. On June 19, 2008, McDonald, StrataG, and Hurst were all domiciled in the State of Tennessee. *See* Exhibit A at ¶¶ 10-11 and Docket Entry 1 at ¶ 5.

12. Accordingly, complete diversity of citizenship did not exist at the time that this lawsuit was commenced, and this cause should be remanded back to State Court for further proceedings. *See Freeport-McMoRan, Inc.*, 498 U.S. at 429; *Phillips*, 672 F. Supp. at 1110.

WHEREFORE Plaintiff, Daniel B. McDonald, prays for an Order remanding this case back to the Circuit Court of Cook County, Illinois, attorneys' fees and costs of $1,676.00, and for whatever other relief this Court deems just.

Respectfully submitted,

By: /s/ Karl W. Roth
      One of Plaintiff's Attorneys

Karl W. Roth
THE ROTH LAW GROUP LLC
Attorneys for Plaintiff
111 W. Washington St., Ste. 1437
Chicago, IL 60602
(312) 419-9599
Fax (312) 419-9559

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing Motion to Remand was served upon Defendants via the Court's electronic filing system at the below listed address on the **30th day of July, 2008.**

John P. Lynch, Jr.
jlynch@cksslaw.com
Kimberly A. Ross
kross@cksslaw.com
Cremer, Kopom, Shaughnessy & Spina, LLC
180 N. LaSalle St., Ste. 3300
Chicago, IL 60601

By: /s/ Karl W. Roth
      One of Plaintiff's Attorneys

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANIEL B. MCDONALD, | ) |
|         Plaintiffs, | ) Case No.: 08-cv-4088 |
| vs. | ) Judge Gettleman |
| | ) Magistrate Judge Nolan |
| STRATA G, LLC, and DANIEL H. HURST, Individually, | ) |
|         Defendants. | ) |

STATE OF TENNESSEE  )
                                 ) SS
COUNTY OF LOUDON   )

### AFFIDAVIT OF DANIEL B. MCDONALD

Daniel B. McDonald, being first duly sworn and under oath, deposes and states as follows:

1. I have personal knowledge of all the facts set forth in this affidavit and, if called to testify in this matter, I could and would competently testify to each of the facts set forth herein.

2. I am the plaintiff in the above-captioned matter.

3. From approximately April 2000 until August 2006, I resided at 400 North McClurg Court, Unit 3202, Chicago, Illinois 60601.

4. In or about March 2003, I began informally advising Defendant Strata G, LLC ("Strata G") and its President, Daniel Hurst.

5. On or about August 22, 2003, Mr. Hurst offered me a management position with Strata G.

Exhibit A

6. On or about August 26, 2003, I accepted Strata G's offer, and Strata G and I executed an Employment Agreement.

7. By in or about October 2004, I began only to work for Strata G intermittently, and I no longer received a monthly salary from Strata G with the understanding that my equity and profit sharing position agreed to in my Employment Agreement with Strata G remained intact. I continued to advise Strata G and Mr. Hurst on an as needed basis into 2007.

8. From April 2000 until August 2006, my primary residence and domicile was 400 North McClurg Court, Unit 3202, Chicago, Illinois 60601. Although I owned a home in Tennessee during this time, I only spent a few weekends a month there as my occupation required that I reside in Chicago, Illinois and that is where I intended to stay for the duration of my occupation.

9. In approximately August 2006, I decided to leave Chicago, Illinois and move permanently to the State of Tennessee.

10. In the Spring of 2008, I contacted Strata G to determine the value of my equity position and profit sharing as set forth in the Employment Agreement. Strata G responded that it did not intend to honor our agreement and as a result, I filed a breach of contract lawsuit in the Circuit Court of Cook County, Illinois on June 19, 2008 – two years after I had moved to Tennessee.

11. I presently reside at 418 Tanasi Way, Loudon, Tennessee 37774, and I am domiciled in Tennessee.

FURTHER AFFIANT SAYETH NAUGHT

_____
Daniel B. McDonald

STATE OF TENNESSEE )
) SS
COUNTY OF LOUDON )

SUBSCRIBED and SWORN
to before me this 30th day
of July, 2008.

*Beverly A. Bacarro*
Notary Public
My Term Expires:

Jan 9, 2012