IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANIEL B. McDONALD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08-cv-4088 |
| ) | Judge Robert W. Gettleman |
| STRATA G, LLC and DANIEL H. ) | |
| HURST, Individually, ) | |
| ) | |
| Defendants. ) | |

**RESPONSE TO MOTION TO REMAND**

Defendants Strata G, LLC ("Strata G") and Daniel H. Hurst ("Hurst") (collectively, Defendants) by their attorneys, John P. Lynch, Jr., Kimberly A. Ross and CREMER, KOPON, SHAUGHNESSY & SPINA, LLC oppose the Plaintiff's Motion to Remand, and for their response to said motion, state as follows:

**INTRODUCTION**

In his Motion to Remand, the Plaintiff Daniel B. McDonald ("McDonald") states that this Court lacks removal jurisdiction because, he now says, he was "domiciled in Tennessee at the time that the Complaint was filed," Motion to Remand, ¶ 6, and that "[o]n June 19, 2008, McDonald . . . [was] domiciled in the State of Tennessee." Motion to Remand, ¶ 11. There are several problems with McDonald's argument. First, the propriety of removal is tested by the contents of the pleadings (which, in this case, have been verified) served upon the defendants, not subsequent self-serving statements. The pleadings, i.e., the Verified Complaint, clearly establish that McDonald was a citizen of Illinois when he commenced this civil action. Second,

the accompanying Affidavit of Daniel B. McDonald, which he is not permitted to file anyway, does not support his claims of domicile. The Motion to Remand must be denied.

## ARGUMENT

### A. The Court should Consider only the Verified Complaint in Determining Jurisdiction and It Establishes McDonald as a citizen of Illinois.

McDonald never addresses the procedure that this Court should employ in deciding his Motion to Remand. This is for good reason – in determining the propriety of a petition for removal, the Court must restrict itself to "the plaintiff's pleading, which controls." *American Fire and Casualty Co. v. Finn*, 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1950); *Devore v. City of Mesa*, 783 F.Supp. 452 (1991)(Existence of federal jurisdiction is determined from the complaint as it existed at the time of removal, not as subsequently amended).

There simply is no basis upon which McDonald may file an Affidavit in support of a Motion to Remand and the Court should restrict its review to the allegations in the Verified Complaint, which has the same effect, in any event, as an affidavit. *E.g., Paters v. U.S.*, 159 F.3d 1043 (7th Cir. 1998); *see also* 735 ILCS 5/1-109 ("Any pleading, affidavit or other document certified in accordance with this Section may be used in the same manner and with the same force and effect as though subscribed and sworn to under oath.").

In his Verified Complaint, McDonald swears in paragraph 5 that he "**was domiciled within this State [Illinois]** when the cause of action arose." (Emphasis added). In paragraph 33, he testifies that his cause of action against Defendant Hurst arose in June 2008. (He commenced his civil action on June 19, 2008). And in paragraph 4 of his Verified Complaint, he avers under oath that "**[a]t all times relevant hereto**, Plaintiff DANIEL B. MCDONALD ("MCDONALD") was a senior vice president STRATA G and resided at 400 North McClurg Court, Unit 3202, Chicago, Illinois 60601." (Emphasis added). McDonald did not file his

Verified Complaint *pro se*; he was represented by counsel and the Court may consider that McDonald's counsel used the term "domiciled" as that term of art is generally used by legal counsel. *See, e.g., Prudential Ins. Co. of America v. Tull,* 532 F. Supp. 341 (E.D.Va. 1982) ("The Court's assumption was based on the belief that the Complaint was drafted with care by knowledgeable lawyers who had used the term "heirs at law" advisedly and in accord with its legal significance.").

The definition of citizenship for the purposes of 28 U.S.C. Section 1332 incorporates two elements – current residence and the intention to remain indefinitely. *See, Meyerson v. Harrah's East Chicago Casino,* 299 F.3d 616, 617 (7th Cir. 2002). The Verified Complaint establishes that McDonald resided in Illinois when he commenced his civil action, and that he had an intent to remain there indefinitely when the cause of action arose in June 2008. McDonald's sworn allegations in his Verified Complaint that he was domiciled in Illinois in June of 2008 and was a resident there at all relevant times established McDonald as a citizen of Illinois on June 19, 2008. The McDonald Affidavit is an improper attempt to amend the complaint, to change the allegations regarding Plaintiff's domicile, and is not controlling.

  **B.**  **The Affidavit of Daniel B. McDonald does not Support his Motion to Remand.**

The question before this Court is whether the Verified Complaint establishes that McDonald was a citizen of Illinois when he filed his complaint on June 19, 2008 or whether he was a citizen of Tennessee. If he was a citizen of Tennessee, this Court lacks removal jurisdiction. McDonald's Motion to Remand, as seen above, rests on an assertion (made outside of, and in contradiction with, the pleadings) that he was a citizen of Tennessee. However, McDonald's Affidavit, filed in support of his Motion to Remand, fails to establish that

McDonald was a citizen of Tennessee on that date.  (McDonald is not even permitted to file such an affidavit, a point addressed above).

Even if it were permitted to be considered, McDonald's vague Affidavit states that, in approximately August 2006, he "**decided** to leave Chicago, Illinois, and move permanently to the State of Tennessee."   (Emphasis added).  Notably, McDonald does not state in this paragraph of his Affidavit, or elsewhere, when he actually changed his physical residence to Tennessee.  In paragraph 10, he claims that he filed this case "two years after [he] moved to Tennessee", but this contradicts his statement in the previous paragraph about his decision in August 2006 to leave Chicago. Further, McDonald does not specifically state that he is a citizen or domiciliary of Tennessee at the time of filing.

In paragraph 11, McDonald does state that he "presently" resides in Tennessee and that he is now domiciled in Tennessee.  (The Affidavit was executed on July 30, 2008, after the commencement of this civil action so presumably "presently" means that date).  Elsewhere in his Affidavit, McDonald states that he resided in Chicago from April 2000 until August 2006.  But McDonald fails to inform the Court where he resided after August 2006, except for stating that he resided in Tennessee on July 30, 2008, after the commencement of the civil action.  Affidavit, ¶ 3.

In short, McDonald's carefully crafted Affidavit fails to state to this Court his residence on June 19, 2008, the date this civil action commenced, or where he intended to reside indefinitely on that same date.  Probably by design, and to avoid the sticky problems he would face in contradicting his previous sworn statements in his Verified Complaint, McDonald simply leaves a "gap" in his Affidavit regarding his residence between August 2006 and July 30, 2008.  Unfortunately for McDonald, that gap in McDonald's Affidavit (even if the Affidavit could be

4

considered) fails to take him to his desired destination of remand as it fails to establish the only two facts that would be essential to such a motion – where he resided on June 19, 2008 and where he intended to remain indefinitely on that same date.

It is fundamental that the definition of citizenship for the purposes of 28 U.S.C. Section 1332 incorporates two elements – current residence and the intention to remain indefinitely. *See Meyerson v. Harrah's East Chicago Casino,* 299 F.3d 616, 617 (7th Cir. 2002) ("residence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction."). On the other hand, the Court of Appeals for the Seventh Circuit has equated citizenship with domicile or domiciliary. *See Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996) ("it takes physical presence in a state, with intent to remain there, to establish domicile."). The proper approach is to apply the "two-part test for domicile:" presence in the purported state of domicile and intention to remain there indefinitely. *Sheehan v. Gustafson,* 967 F.2d 1214, 1215 (7th Cir. 1992).

It can immediately be seen that the Affidavit of Daniel B. McDonald fails to satisfy this test. Nowhere in that Affidavit does McDonald establish that, on June 19, 2008, he was a citizen or domiciliary of Tennessee. He does state in ¶ 9 that, in August 2006, he "decided" to move permanently to Tennessee, but residing in Chicago with an intent to move to Tennessee would not make McDonald a citizen or domiciliary of Tennessee. On the other hand, as noted above, the Verified Complaint clearly established McDonald as a citizen of Illinois at the time of filing.

**C.     There was (and is) an Objectively Reasonable Basis for Removal. The Motion for Remand Should be Denied along with Plaintiff's Request for Fees.**

As noted in above, the basis for removal was based on the Plaintiff's own verified allegations as to his domicile "at all times relevant" and "when the cause of action arose", which he later identifies as June 2008 – when the complaint was filed. His Verified Complaint makes

5

no reference to his alleged Tennessee citizenship. Only one conclusion could be reached upon reviewing the Verified Complaint: the Plaintiff is a citizen of Illinois.

Now the Plaintiff seeks remand with the support of a vague and confusing Affidavit that appears to have two purposes: (1) to achieve remand; and (2) to avoid contradiction with his Verified Complaint. But these goals are inconsistent. This Court cannot consider the Plaintiff's improper attempts to amend his pleading. In any event, the Affidavit is ineffective and the interpretation given to it in the motion is hopelessly contradictory of the Verified Complaint. What is striking about the Affidavit is what is doesn't say. It doesn't say that the Plaintiff was domiciled in Tennessee on June 19, 2008 – when the complaint was filed. Yet the Verified Complaint clearly states he was domiciled in Illinois on that date. To be sure, Plaintiff's counsel understands that the date of filing is a time "relevant" to this cause of action. So, when he states in paragraph 11 of his motion that all parties were domiciled in Tennessee, he completely contradicts the Verified Complaint and cites an affidavit that does not support that claim.

Since the Notice of Removal had, and continues to have, objective and legal support the Plaintiff's motion should be denied, along with his request for fees and costs. Costs will be assessed only where the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.*, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). That is clearly not the case here. Removal was and remains proper.

## **CONCLUSION**

This Court has removal subject matter jurisdiction. The sworn allegations of the Verified Complaint establish that, on the date of commencement of this civil action, McDonald resided in Chicago and had an intent to remain there indefinitely. Accordingly, the Verified Complaint establishes McDonald as a citizen of Illinois on the date of commencement of his civil action and

6

that there is diversity jurisdiction. There is no legal basis for McDonald's Affidavit and it should not be considered. But, even if considered, does not establish McDonald as a domiciliary of Tennessee on June 19, 2008. Removal under 28 U.S.C. section 1441 was proper and the Motion to Remand should be denied.

Respectfully submitted,

**STRATA G, LLC and DANIEL H. HURST**

By: /s/ John P. Lynch, Jr.
John P. Lynch, Jr.
**CREMER, KOPON, SHAUGHNESSY & SPINA, LLC**
180 North LaSalle Street, Suite 3300
Chicago, Illinois 60601
(312) 980-3018

Martin B. Bailey
**WAGNER, MYERS & SANGER, P.C.**
1801 First Tennessee Plaza
P.O. Box 1308
Knoxville, TN 37901-1308
(865) 525-4600

### CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2008, a copy of the foregoing was filed electronically. Notice of filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access the filing through the Court's electronic filing system.

/s/ John P. Lynch, Jr.
John P. Lynch, Jr.

199437